UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEWART MANAGO, | ) | 1:11-cv—01172-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION (DOC. |
| | ) | 11), SETTING ASIDE THE DISMISSAL |
| v. | ) | OF THE PETITION (DOC. 9), AND |
| | ) | DIRECTING THAT THE JUDGMENT BE |
| MATTHEW CATE, | ) | VACATED (DOC. 10) |
| | ) | |
| Respondent. | ) | ORDER DEEMING PETITIONER'S MOTION |
| | ) | FOR RECONSIDERATION TO BE A |
| | ) | SUPPLEMENT TO THE PETITION (DOCS. |
| | | 11, 1) |
| | | ORDER REQUIRING RESPONDENT TO FILE A RESPONSE TO THE PETITION AS SUPPLEMENTED |
| | | ORDER SETTING A BRIEFING SCHEDULE |
| | | ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON THE ATTORNEY GENERAL |

Petitioner is a state prisoner who proceeds pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case,

1

including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on August 1, 2011 (doc. 5). On January 27, 2012, the Court dismissed the petition for lack of subject matter jurisdiction, and judgment was entered. Pending before the Court is Petitioner's motion for reconsideration of the dismissal of the petition, which was filed on February 6, 2012.

### I. Motion for Reconsideration

Fed. R. Civ. P. 60 applies to habeas proceedings only to the extent that application is not inconsistent with the applicable federal statutes and rules. Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (challenge to dismissal of a § 2254 petition for untimeliness). Although successive petitions are limited by statute, it is appropriate to consider a Rule 60(b) motion as such in a § 2254 proceeding where a petitioner uses the vehicle not to allege a claim or to attack the substance of the federal court's resolution of a claim on the merits, but rather to challenge a ruling that precluded a merits determination and thereby to raise some defect in the integrity of the federal habeas proceedings, such as failure to exhaust, procedural default, or statute of limitations. Id. at 532, 538.

Here, Petitioner challenges the Court's determination that Petitioner's claim or claims are not cognizable in a habeas proceeding pursuant to § 2254. The Court will assume that Rule 60(b) is appropriately applied in Petitioner's case.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or

2

1 judgment on various grounds, including 1) mistake, inadvertence,
2 surprise, or excusable neglect; 2) newly discovered evidence;
3 3) fraud or misconduct by an opposing party; 4) a void judgment;
4 5) a satisfied judgment; or 6) any other reason that justifies
5 relief from the judgment. Fed. R. Civ. P. 60(b). The motion for
6 reconsideration must be made within a reasonable time, and with
7 respect to the first three grounds, no more than a year after the
8 entry of the judgment, order, or proceeding. Fed. R. Civ. P.
9 60(c). Motions to reconsider are committed to the discretion of
10 the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441
11 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.
12 1983) (en banc). To succeed, a party must set forth facts or law
13 of a strongly convincing nature to induce the Court to reverse
14 its prior decision. See, e.g., Kern-Tulare Water Dist. v. City
15 of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in
16 part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.
17 1987), cert. denied, 486 U.S. 1015 (1988). The Ninth Circuit has
18 stated that "[c]lause 60(b)(6) is residual and 'must be read as
19 being exclusive of the preceding clauses.'" LaFarge Conseils et
20 Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir.
21 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th
22 Cir. 1981)). Accordingly, "the clause is reserved for
23 'extraordinary circumstances.'" Id.
24      II.  Analysis
25      In the petition, Petitioner complained of the allegedly
26 retaliatory use of the prison gang validation procedure, which
27 Petitioner claimed had been used to punish him for previous
28 complaints concerning prison staff; the absence of reliable

3

information to support the finding that Petitioner, an admitted member of the Project Watts Crips gang who had not debriefed in prison, was validated as an associate of the Black Guerrilla Family (BGF); illegal reading of Petitioner's legal mail; and being subjected to an ex post facto law by the application to him of Cal. Pen. Code §§ 2933(A)-(B) and 3057(D), which were amended and took effect on January 25, 2010, and associated regulations and instructional memoranda of the CDCR, which increased the amount of credits some prisoners earn, but which are not applicable to prison gang members placed in a security housing unit (SHU). (Pet. 5, 7, 21, 25, 29-32, 54-58, 61-62, 66-70.) Petitioner requested expungement from his "C" file of the false, unreliable, and insufficient information used to validate his active association with the BGF; release from the SHU; and return of various materials relating to Petitioner's pending litigation against agents of the California Department of Corrections and Rehabilitation (CDCR) allegedly taken wrongfully by CDCR agents. (Pet. 72-73.)

In the initial petition, Petitioner alleged that as a direct result of the false prison gang validation, his release date was changed from June 2013 to October 2016 (id. at 54), although the process or mechanism by which the gang validation affected Petitioner's release date was not described.

In the motion for reconsideration, Petitioner appended documentation, including materials concerning the basis for his claim that the length of his confinement was affected by the gang validation. Petitioner also addressed his claim concerning an alleged violation of the proscription against ex post facto laws

4

1  based on application of a statute taking effect in 2010 that
2  precludes validated gang associates from earning credit while in
3  segregated housing.
4      Petitioner argues that the Court should grant
5  reconsideration of the dismissal and re-open the case.
6  Petitioner contends that he should have had an opportunity to
7  amend his petition to include the additional materials submitted
8  with the motion, which demonstrate that he can state tenable
9  claims for relief.
10     Based on a review of the additional materials submitted with
11 the motion, and further considering the entirety of the petition,
12 the Court concludes that Petitioner has shown that relief from
13 the judgment is justified.  The Court exercises its discretion to
14 grant Petitioner's motion for reconsideration pursuant to Fed. R.
15 Civ. P. 60(b).  The Court will direct that the dismissal be set
16 aside and that the judgment be vacated.
17     Further, the Court exercises its inherent discretion to
18 control its docket and the disposition of its cases with economy
19 of time and effort for both the court and the parties.  See,
20 Landis v. North American Co., 299 U.S. 248, 254-255 (1936);
21 Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In lieu
22 of requiring Petitioner to file an amended complaint, the Court
23 will deem the additional materials submitted with the motion for
24 reconsideration (doc. 11) to be a supplement to the petition.
25     III.  Response to the Petition
26     The Court has conducted a preliminary review of the petition
27 as supplemented.  It is not clear from the face of the petition
28 whether Petitioner is entitled to relief.  28 U.S.C. § 2243.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court will direct Respondent to file a response and will issue a scheduling order.

IV. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion for reconsideration of the dismissal of the petition is GRANTED; and

2) The dismissal of the petition filed on January 27, 2012, is SET ASIDE, and the judgment entered on the same date is VACATED; and

3) Petitioner's motion for reconsideration is DEEMED to be a supplement to the petition; and

4) The Court hereby ORDERS:

a) Respondent SHALL FILE a RESPONSE to the petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A response can be made by filing one of the following:

I. An ANSWER addressing the merits of the petition. Respondent SHALL INCLUDE with the ANSWER any and all transcripts

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

6

or other documents necessary for the resolution of the issues presented in the petition. See Rule 5, Rules Governing Section 2254 Cases. Any argument by Respondent that a claim of Petitioner has been *procedurally defaulted* SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

II. A MOTION TO DISMISS the petition. A motion to dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.[3]

b.  If Respondent files an answer to the petition, Petitioner MAY FILE a traverse within **THIRTY (30) days** of the date Respondent's answer is filed with the Court. If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty (30) days.

c.  If Respondent files a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within **TWENTY-ONE (21) days** of the date Respondent's motion is filed with the Court. If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the thirty (30) days. Any reply to an opposition to the motion to dismiss SHALL BE FILED within **SEVEN (7) days** after the opposition is served.

d.  Unless already submitted, both Respondent and Petitioner

---

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a consent/decline form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

e. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

**Dated:   March 27, 2012**                   /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE