# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>          Petitioner,<br><br>  v.<br><br>MATTHEW CATE,<br><br>         Respondent. | ) 1:11-cv—01172-AWI-BAM-HC<br>)<br>) ORDER DENYING WITHOUT PREJUDICE<br>) PETITIONER'S MOTION FOR<br>) DISCOVERY, PROTECTIVE ORDER, AND<br>) HEARING (Doc. 16)<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) DENY PETITIONER'S MOTION FOR AN<br>) ORDER DIRECTING PRISON STAFF TO<br>) PERMIT PETITIONER TO COMMUNICATE<br>) WITH INMATE WITNESSES (Doc. 17) |

FINDINGS AND RECOMMENDATIONS TO
DENY PETITIONER'S MOTION FOR
JUDICIAL INTERVENTION AND
PROTECTIVE ORDER (Doc. 18)

**OBJECTIONS DEADLINE:**
**THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court are several motions filed by Petitioner.

1

1    I.  Background

2        In the petition, Petitioner complains of violations of

3    Petitioner's constitutional rights allegedly suffered in

4    connection with prison authorities' allegedly false and

5    retaliatory validation of his status as a gang member.  On March

6    28, 2012, Respondent was directed to file a response to the

7    petition; the response is presently due on or about June 30,

8    2012.  Thus, the case is not yet ripe for a decision on the

9    merits.

10   II.  Motion for Discovery, Protective Order, and Hearing
          with Respect to Gang Validation

11

12       On April 13, 2012, Petitioner filed a motion for discovery,

13   a protective order, and a hearing on "the matter" (Mot., doc. 16,

14   1:25-26) within thirty days.  Petitioner seeks voluminous

     discovery concerning the basis for the gang validation in his

15   case as well as documents concerning tangentially related

16   incidents which Petitioner alleges constitute the reason for the

17   retaliatory gang validation.  Petitioner asks that the discovery,

18   including confidential matters, be subject to an in camera review

19   procedure and be provided to him with a protective order to cover

20   the matters discovered.

21       Rule 6 of the Rules Governing Section 2254 Cases in the

22   United States District Courts (Habeas Rules) provides in

23   pertinent part that a judge may, for good cause, authorize a

24   party to conduct discovery under the Federal Rules of Civil

25   Procedure and may limit the extent of discovery.  Habeas Rule

26   6(a).  It is further provided that a party requesting discovery

27   must provide reasons for the request, which must include any

28

                                    2

proposed interrogatories and requests for admission, and must specify any requested documents.  Habeas Rule 6(b).  Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.  Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States District Court, 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).  Even if a court grants discovery, "the scope and extent of such discovery is a matter confided to the discretion of the District Court."  Bracy, 520 U.S. at 909.  Courts should not permit a petitioner to "use federal discovery for fishing expeditions to investigate mere speculation."  Calderon v. United States Dist. Ct. for the Northern Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996).  "'Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence.'"  Calderon, 98 F.3d at 1106 (quoting Aubut v. State of Maine, 431 F.2d 688, 689 (1st Cir. 1970)).  Discovery is appropriate where specific allegations in a verified petition before the Court show reason to believe that with respect to an exhausted claim, the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.  Harris v. Nelson, 394 U.S. 286, 299 (1969); Calderon, 98 F.3d at 1106-07 (9th Cir. 1996).

     Here, Petitioner alleged that he has presented his claims to the California courts, all of which denied his petition. Exhibits attached to the petition show that the Kern County Superior Court denied Petitioner's petition with a reasoned decision on the merits; the Court of Appeal of the State of

1  California, Fifth Appellate District denied Petitioner's petition

2  summarily.  (Pet., doc. 1, 76-82.)  Reference to the official

3  website of the California Supreme Court shows that the court

4  summarily denied Petitioner's petition in In re Stewart Manago,

5  in case number S19013 on June 29, 2011.[1]  (Pet. 2.)  Where there

6  has been one reasoned state judgment rejecting a federal claim,

7  later unexplained orders upholding that judgment or rejecting the

8  same claim are presumed to rest upon the same ground.  Ylst v.

9  Nunnemaker, 501 U.S. 797, 803 (1991).  It thus appears that

10  Petitioner's claims have been adjudicated on the merits by the

11  state courts.

12      Therefore, the petition is subject to 28 U.S.C.

13  § 2254(d)(1), which limits relief on claims previously

14  adjudicated on the merits.

15      As to claims previously decided on the merits by a state

16  court, this Court's "review under § 2254(d)(1) is limited to the

17  record that was before the state court that adjudicated the claim

18  on the merits."  Cullen v. Pinholster, 563 U.S. --, 131 S.Ct.

19  1388, 1398 (2011).  Evidence later introduced in federal court is

20  irrelevant to review undertaken pursuant to § 2254(d)(1).  Id. at

21  1400.  Where a petitioner fails to demonstrate that the

22  adjudication of his claim based on the state court record

23

24      [1] The Court may take judicial notice of facts that are capable of
accurate and ready determination by resort to sources whose accuracy cannot
25  reasonably be questioned, including undisputed information posted on official
web sites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331,
26  333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d
992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the
27  docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th
Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official
28  website of the California state courts is www.courts.ca.gov.

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, then the Court's analysis is concluded, and it is barred from considering evidence submitted in the district court. Id. at 1411. Therefore, because evidence beyond the state court record generally may not be considered as to previously adjudicated claims before a petitioner shows entitlement to relief pursuant to § 2254(d)(1), an evidentiary hearing is not appropriate until after a determination under § 2254(d)(1) is made as to the claims.

Where a petitioner is not entitled to an evidentiary hearing as to a claim, discovery on such a claim would be futile. Kemp v. Ryan, 638 F.3d 1245, 1260 (9th Cir. 2011).

Here, the case is not ready for decision. Because the merits have not been briefed or considered, Petitioner has not shown that he is entitled to relief pursuant to § 2254(d)(1) with respect to the state court's decision on the merits. Therefore, Petitioner has not shown that discovery would be appropriate.

Petitioner's request for a hearing is thus also premature.

Accordingly, Petitioner's motion for discovery, protective order, and hearing (doc. 16) is DENIED without prejudice.

III.  Motion for an Order Permitting Contact of Inmate Witnesses

On April 13, 2012, Petitioner filed a motion for an order directing the litigation coordinator to allow Petitioner to contact his inmate witnesses in order to prepare a traverse to the petition.

First, insofar as Petitioner is asserting a need for

development of evidence in this proceeding, the Court emphasizes that given the stage of the instant proceedings, it is not clear that an answer, as distinct from a motion to dismiss, will be filed in response to the petition.  As previously noted, the merits are not ripe for consideration; Petitioner's entitlement to relief under § 2254(d)(1) must be determined on the record that was before the state courts.  Cullen v. Pinholster, 131 S.Ct. at 1398.  Therefore, Petitioner has not shown that it would be necessary or appropriate for Petitioner to investigate or develop evidence outside the state court record for use in this proceeding.

Accordingly, insofar as Petitioner's motion may be viewed as a request relating to discovery, then the Court exercises its discretion to deny the request without prejudice.

Petitioner's motion also constitutes a request that this Court direct action on the part of staff of the California Department of Corrections and Rehabilitation (CDCR).  Thus, the relief Petitioner requests is injunctive in nature.

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C.

§ 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Note to Habeas Rule 1, 1976 Adoption.

In his motion, Petitioner is seeking to affect his ability to communicate with witnesses. Thus, Petitioner is challenging his conditions of confinement. Because in his motion Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, Petitioner's requests for relief with respect to his communication with inmate witnesses may be cognizable in a civil rights action rather than a petition for writ of habeas corpus.

Accordingly, it will be recommended that Petitioner's motion for injunctive relief (doc. 17) be denied.

IV. <u>Motion for Judicial Intervention and Protective Order</u>

On April 20, 2012, Petitioner filed a motion for the Court to issue a preliminary and permanent injunction ordering CDCR officials to cease their retaliatory acts and threats toward Petitioner, to appoint an independent investigator to investigate Petitioner's additional claims of ongoing misconduct by staff within the CDCR, and to prevent a cover-up by the CDCR. Petitioner alleges that unidentified prison staff are engaged in unspecified retaliatory and threatening conduct against him for his exposure of corruption among CDCR staff. He argues that he should not be subjected to a false prison gang validation for having reported sexual harassment and sexual assaults by staff of the CDCR.

After reviewing the motion, it is clear that Petitioner is

challenging the conditions of his confinement, and not the fact
or duration of that confinement.

As previously stated, a civil rights action pursuant to 42
U.S.C. § 1983 is the proper method for a prisoner to challenge
conditions of confinement.  McCarthy v. Bronson, 500 U.S. at
141-42.

Because in the motion Petitioner seeks to challenge the
conditions of his confinement, and not the legality or duration
of his confinement, these particular claims may be cognizable in
a civil rights action rather than a petition for writ of habeas
corpus.

Therefore, it will be recommended that Petitioner's motion
for judicial intervention and protective order (doc. 18) be
denied.

V.  Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED
that:

1) Petitioner's motion for an order directing the prison
litigation coordinator to allow Petitioner to contact his inmate
witnesses be DENIED; and

2)  Petitioner's motion for judicial intervention and
protective order be DENIED.

These findings and recommendations are submitted to the
United States District Court Judge assigned to the case, pursuant
to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
the Local Rules of Practice for the United States District Court,
Eastern District of California.  Within thirty (30) days after
being served with a copy, any party may file written objections

8

with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   June 11, 2012                    /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE