UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>        Petitioner,<br><br>  v.<br><br>MATTHEW CATE,<br><br>        Respondent. | 1:11-cv–01172-AWI-BAM-HC<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR DISCOVERY, PROTECTIVE ORDER, AND HEARING (Doc. 16)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR AN ORDER DIRECTING PRISON STAFF TO PERMIT PETITIONER TO COMMUNICATE WITH INMATE WITNESSES (Doc. 17)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR JUDICIAL INTERVENTION AND PROTECTIVE ORDER (Doc. 18)<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court are several motions filed by Petitioner.

I.  Background

In the petition, Petitioner complains of violations of Petitioner's constitutional rights allegedly suffered in connection with prison authorities' allegedly false and retaliatory validation of his status as a gang member. On March 28, 2012, Respondent was directed to file a response to the petition; the response is presently due on or about June 30, 2012. Thus, the case is not yet ripe for a decision on the merits.

II.  Motion for Discovery, Protective Order, and Hearing with Respect to Gang Validation

On April 13, 2012, Petitioner filed a motion for discovery, a protective order, and a hearing on "the matter" (Mot., doc. 16, 1:25-26) within thirty days. Petitioner seeks voluminous discovery concerning the basis for the gang validation in his case as well as documents concerning tangentially related incidents which Petitioner alleges constitute the reason for the retaliatory gang validation. Petitioner asks that the discovery, including confidential matters, be subject to an in camera review procedure and be provided to him with a protective order to cover the matters discovered.

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) provides in pertinent part that a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. Habeas Rule 6(a). It is further provided that a party requesting discovery must provide reasons for the request, which must include any

1  proposed interrogatories and requests for admission, and must
2  specify any requested documents.  Habeas Rule 6(b).  Although
3  discovery is available pursuant to Rule 6, it is only granted at
4  the Court's discretion, and upon a showing of good cause.  Bracy
5  v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States
6  District Court, 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood,
7  114 F.3d 1002, 1009 (9th Cir. 1997).  Even if a court grants
8  discovery, "the scope and extent of such discovery is a matter
9  confided to the discretion of the District Court."  Bracy, 520
10 U.S. at 909.  Courts should not permit a petitioner to "use
11 federal discovery for fishing expeditions to investigate mere
12 speculation."  Calderon v. United States Dist. Ct. for the
13 Northern Dist. of Cal. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir.
14 1996).  "'Habeas corpus is not a general form of relief for those
15 who seek to explore their case in search of its existence.'"
16 Calderon, 98 F.3d at 1106 (quoting Aubut v. State of Maine, 431
17 F.2d 688, 689 (1st Cir. 1970)).  Discovery is appropriate where
18 specific allegations in a verified petition before the Court show
19 reason to believe that with respect to an exhausted claim, the
20 petitioner may, if the facts are fully developed, be able to
21 demonstrate that he is entitled to relief.  Harris v. Nelson, 394
22 U.S. 286, 299 (1969); Calderon, 98 F.3d at 1106-07 (9th Cir.
23 1996).
24     Here, Petitioner alleged that he has presented his claims to
25 the California courts, all of which denied his petition.
26 Exhibits attached to the petition show that the Kern County
27 Superior Court denied Petitioner's petition with a reasoned
28 decision on the merits; the Court of Appeal of the State of

California, Fifth Appellate District denied Petitioner's petition summarily. (Pet., doc. 1, 76-82.)  Reference to the official website of the California Supreme Court shows that the court summarily denied Petitioner's petition in In re Stewart Manago, in case number S19013 on June 29, 2011.[1]  (Pet. 2.)  Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  It thus appears that Petitioner's claims have been adjudicated on the merits by the state courts.

Therefore, the petition is subject to 28 U.S.C. § 2254(d)(1), which limits relief on claims previously adjudicated on the merits.

As to claims previously decided on the merits by a state court, this Court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. --, 131 S.Ct. 1388, 1398 (2011).  Evidence later introduced in federal court is irrelevant to review undertaken pursuant to § 2254(d)(1).  Id. at 1400.  Where a petitioner fails to demonstrate that the adjudication of his claim based on the state court record

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official website of the California state courts is www.courts.ca.gov.

4

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, then the Court's analysis is concluded, and it is barred from considering evidence submitted in the district court. Id. at 1411.  Therefore, because evidence beyond the state court record generally may not be considered as to previously adjudicated claims before a petitioner shows entitlement to relief pursuant to § 2254(d)(1), an evidentiary hearing is not appropriate until after a determination under § 2254(d)(1) is made as to the claims.

Where a petitioner is not entitled to an evidentiary hearing as to a claim, discovery on such a claim would be futile. Kemp v. Ryan, 638 F.3d 1245, 1260 (9th Cir. 2011).

Here, the case is not ready for decision.  Because the merits have not been briefed or considered, Petitioner has not shown that he is entitled to relief pursuant to § 2254(d)(1) with respect to the state court's decision on the merits.  Therefore, Petitioner has not shown that discovery would be appropriate.

Petitioner's request for a hearing is thus also premature.

Accordingly, Petitioner's motion for discovery, protective order, and hearing (doc. 16) is DENIED without prejudice.

   III.   Motion for an Order Permitting Contact of Inmate Witnesses

On April 13, 2012, Petitioner filed a motion for an order directing the litigation coordinator to allow Petitioner to contact his inmate witnesses in order to prepare a traverse to the petition.

First, insofar as Petitioner is asserting a need for

5

1 development of evidence in this proceeding, the Court emphasizes
2 that given the stage of the instant proceedings, it is not clear
3 that an answer, as distinct from a motion to dismiss, will be
4 filed in response to the petition. As previously noted, the
5 merits are not ripe for consideration; Petitioner's entitlement
6 to relief under § 2254(d)(1) must be determined on the record
7 that was before the state courts. Cullen v. Pinholster, 131
8 S.Ct. at 1398. Therefore, Petitioner has not shown that it would
9 be necessary or appropriate for Petitioner to investigate or
10 develop evidence outside the state court record for use in this
11 proceeding.

12 Accordingly, insofar as Petitioner's motion may be viewed as
13 a request relating to discovery, then the Court exercises its
14 discretion to deny the request without prejudice.

15 Petitioner's motion also constitutes a request that this
16 Court direct action on the part of staff of the California
17 Department of Corrections and Rehabilitation (CDCR). Thus, the
18 relief Petitioner requests is injunctive in nature.

19 A federal court may only grant a state prisoner's petition
20 for writ of habeas corpus if the petitioner can show that "he is
21 in custody in violation of the Constitution or laws or treaties
22 of the United States." 28 U.S.C. § 2254(a). A habeas corpus
23 petition is the correct method for a prisoner to challenge the
24 legality or duration of his confinement. Badea v. Cox, 931 F.2d
25 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S.
26 475, 485 (1973)); Advisory Committee Note to Rule 1 of the Rules
27 Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.
28 In contrast, a civil rights action pursuant to 42 U.S.C.

6

1  § 1983 is the proper method for a prisoner to challenge the
2  conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
3  136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
4  574; Advisory Committee Note to Habeas Rule 1, 1976 Adoption.
5       In his motion, Petitioner is seeking to affect his ability
6  to communicate with witnesses.  Thus, Petitioner is challenging
7  his conditions of confinement.  Because in his motion Petitioner
8  seeks to challenge the conditions of his confinement, and not the
9  legality or duration of his confinement, Petitioner's requests
10 for relief with respect to his communication with inmate
11 witnesses may be cognizable in a civil rights action rather than
12 a petition for writ of habeas corpus.
13      Accordingly, it will be recommended that Petitioner's motion
14 for injunctive relief (doc. 17) be denied.
15      IV.  Motion for Judicial Intervention and Protective Order
16      On April 20, 2012, Petitioner filed a motion for the Court
17 to issue a preliminary and permanent injunction ordering CDCR
18 officials to cease their retaliatory acts and threats toward
19 Petitioner, to appoint an independent investigator to investigate
20 Petitioner's additional claims of ongoing misconduct by staff
21 within the CDCR, and to prevent a cover-up by the CDCR.
22 Petitioner alleges that unidentified prison staff are engaged in
23 unspecified retaliatory and threatening conduct against him for
24 his exposure of corruption among CDCR staff.  He argues that he
25 should not be subjected to a false prison gang validation for
26 having reported sexual harassment and sexual assaults by staff of
27 the CDCR.
28      After reviewing the motion, it is clear that Petitioner is

7

challenging the conditions of his confinement, and not the fact or duration of that confinement.

As previously stated, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge conditions of confinement. McCarthy v. Bronson, 500 U.S. at 141-42.

Because in the motion Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, these particular claims may be cognizable in a civil rights action rather than a petition for writ of habeas corpus.

Therefore, it will be recommended that Petitioner's motion for judicial intervention and protective order (doc. 18) be denied.

V.  Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) Petitioner's motion for an order directing the prison litigation coordinator to allow Petitioner to contact his inmate witnesses be DENIED; and

2)  Petitioner's motion for judicial intervention and protective order be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections

8

with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 11, 2012                      /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE