# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | 1:11-cv—01172-AWI-BAM-HC |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL (DOC. 27) |
|   v. | |
| MATTHEW CATE, | |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is what the Court understands to be in part Petitioner's request for the appointment of counsel, which was included in Petitioner's objections to previously issued findings and recommendations concerning Respondent's motion to dismiss the petition. (Doc. 27 [filed on October 31, 2012].)

Petitioner states that this Court denied Petitioner's

previous, timely request for the appointment of counsel in his habeas proceeding.[1] Petitioner further states that he has not completed high school, has had no legal training, and has been diagnosed by state medical personnel as suffering from schizoaffective disorder and other serious disorders from 1994 to the present.  Petitioner states that he has been a participant in the mental health programs of the California Department of Corrections and Rehabilitation (CDCR) and a participant of the long-term treatment program from March 1994 to the present while on anti-psychotic medications such as Lithium and Zyprexa.  (Doc. 27, 1-2.)

There currently exists no absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  The Sixth Amendment right to counsel does not apply in habeas corpus actions, which are civil in nature.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson, 258 F.2d at 481.

However, a Magistrate Judge may exercise discretion to appoint counsel at any stage of a habeas corpus proceeding if the interests of justice require it.  18 U.S.C. § 3006A; Rule 8(c) of the Rules Governing Section 2254 Cases.  A district court evaluates the likelihood of a petitioner's success on the merits and the ability of a petitioner to articulate his claims pro se in light of the complexity of the of the legal issues involved.

---

[1] The Court notes that in Petitioner's previous motion for appointment of counsel, Petitioner did not refer to his history of mental health symptoms or treatment.  (Doc. 6.)

2

1  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).
2       A district court abuses its discretion in denying an
3  indigent's request for appointed counsel pursuant to 18 U.S.C.
4  § 3006A(g) if appointment of counsel is necessary to prevent due
5  process violations, such as when the case is so complex that due
6  process violations will occur absent the presence of counsel.
7  Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993) (citing
8  Chaney, 801 F.2d at 1196).
9       Here, the pending matter in Petitioner's case is
10 Respondent's motion to dismiss the petition on the ground that
11 Petitioner failed to exhaust his state administrative and
12 judicial remedies.  Petitioner filed opposition to the motion in
13 which he disputed the Respondent's contentions.  The Petitioner's
14 own efforts to exhaust administrative and judicial remedies
15 constitute the basis of the Respondent's motion.  Such matters
16 are events peculiarly within Petitioner's own knowledge and
17 competency.  The matters before the Court are thus not complex,
18 novel, or otherwise of a nature that would require the assistance
19 of counsel.
20      Petitioner states that he did not finish high school.  (Doc.
21 27 at 2, 7.)  However, the records Petitioner submitted reflect
22 that in a mental health assessment made in 2004, it was reported
23 that Petitioner was a high school graduate and a paralegal who
24 used his skills to petition numerous grievances and to win an ISU
25 investigation into the use of excessive force and a federal civil
26 rights violation case; Petitioner reported that he used the power
27 of the pen in place of the power of the fist.  (Id. at 44.)
28 Similarly, an interdisciplinary progress note dated September 5,

1  2007, reflected that Petitioner had earned his GED while in the
2  California Youth Authority, and he was working towards a
3  paralegal certification.  (Id. at 74.)  A mental health
4  evaluation from 2011 reflects that Petitioner was verbose,
5  argumentative, and litigious.  (Id. at 75.)  Petitioner has not
6  established that a lack of education or ability to litigate
7  requires the appointment of counsel.

8  Petitioner attached to his objections seventy pages of
9  prison records detailing some aspects of Petitioner's mental
10 health status, medication, and treatment from 1995 through 2012.
11 (Id. at 12-81.)  However, most of the records are over five years
12 old.  Petitioner asserts and establishes that he has a history of
13 mental health treatment and diagnoses of various mental
14 conditions over the years.  More recent records show that at a
15 mental health evaluation in March 2008, Petitioner was diagnosed
16 with schizoaffective disorder in remission with medication,
17 borderline personality disorder, and post-traumatic stress
18 disorder; it was noted that he had excellent communication skills
19 and verbal and written skills, no obvious signs of a thought
20 disorder, good orientation, and paranoid ideation with respect to
21 staff retribution.  (Id. at 41-42.)  In 2011, a mental health
22 treatment plan reflected that he had been stable on his
23 medications for over six months with a global assessment of
24 functioning of 60 or 65, which reflects only mild symptoms.  (Id.
25 at 75.)  In January 2012, a mental health treatment plan reflects
26 that Petitioner had not received any disciplinary charges for two
27 years; Petitioner communicated well with several outside legal or
28 watchdog organizations, had several lawsuits against the CDCR,

4

was compliant with his medication regimen, and was functional and stable for ninety days or more. (Id. at 76.) In 2012, Petitioner reported doing well; he was adequately groomed, behaved calmly and cooperatively, had clear and coherent speech, linear and goal-directed thought process, and a history of auditory hallucinations that were ongoing but did not produce any associated distress. Petitioner's judgment, insight, cognition, and attention were within normal limits; his mood swings and depressive and anxiety symptoms were stable. The diagnosis was mood disorder, not otherwise specified, and a personality disorder. (Id. at 77.) Petitioner reported in a psychiatric progress note in March 2012 that his medications (15 milligrams of Abilify and 15 milligrams of Remeron) were effective and produced no side-effects. (Id. at 78.)

In summary, Petitioner has not presented evidence that would support a finding that due to mental condition or illness, he is prevented him from being able to understand or participate in this proceeding. Further, the information submitted by Petitioner, considered in light of the stage of the present proceedings, does not indicate that Petitioner's mental condition is such that his due process rights are likely to be violated if he is required to represent himself.

Accordingly, the Court does not find that, at this time, the interests of justice require the appointment of counsel. 18 U.S.C. § 3006A.

///
///
///

Accordingly, it is ORDERED that Petitioner's request for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **November 20, 2012**　　　　　　/s/ **Barbara A. McAuliffe**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE